HILLOCK v. KIMBALL.

1. MORTGAGES — FORECLOSURE — DECREE — COMMISSIONER'S DEED — AMBIGUITY—CLOUD ON TITLE.

Decree in foreclosure proceedings and commissioner's deed *held*, ambiguous as drawn and to constitute a cloud on title of land *not* covered by mortgage which admittedly covered the north half of a farm, consisting of a quarter section of land and a strip 20 rods wide off the north side of the quarter section next south and extending easterly, and which mortgage did not cover the north half of the 20-rod parcel.

2. JUDGMENT—RES JUDICATA—FORECLOSURE—REMOVAL OF CLOUD ON
   TITLE.

   Issues adjudicated in foreclosure suit, including question as to
   description of land covered by decree of foreclosure and commissioner's deed, raised therein by mortgagor plaintiff in suit
   to restrain mortgagee from obtaining possession, to have foreclosure proceedings, decree and deed held void and to remove
   cloud on title alleged to have resulted from foreclosure proceedings, *held, res judicata* of such question in present suit.

3. QUIETING TITLE—REMOVAL OF CLOUD A MATTER OF PUBLIC IM
   PORTANCE.

   It is a matter of public importance that title to lands be kept
   clear of cloud.

4. APPEAL AND ERROR—CHANCERY CASES HEARD DE NOVO—QUIETING
   TITLE.

   Supreme Court hears chancery cases *de novo* and has power to
   enter such a decree as is equitable in view of the issues presented, thereby establishing of record the rights of the respective parties in suit to quiet title to land.

5. SAME—RES JUDICATA—QUIETING TITLE.

   Notwithstanding question as to existence of cloud upon title to
   land, alleged to have resulted from foreclosure proceedings
   under mortgage admittedly not covering land in dispute, was
   adjudicated in such foreclosure proceedings, decree confirming
   foreclosure proceedings but clearing title from any cloud on
   land not covered by mortgage is ordered taken in Supreme
   Court.

6. COSTS—QUIETING TITLE—SUSTAINING CONTENTION IN PART.

   No costs are awarded either party on appeal in suit to restrain
   mortgagee from taking possession, to declare foreclosure proceedings, decree and commissioner's deed void, and to remove
   cloud from title where plaintiffs were granted relief by way
   of removal of alleged cloud only.

Appeal from St. Clair; Robertson (William), J.
Submitted October 6, 1937. (Docket No. 46, Calendar No. 39,508.) Decided November 10, 1937.

Bill by Levi Hillock and wife against Harvey L.
Kimball and wife to declare a chancery foreclosure

void, for an injunction, to quiet title and for other
relief. Bill dismissed. Plaintiffs appeal. Modified
and affirmed.

*Cornelius J. Sullivan,* for plaintiffs.

*Frank R. Schell,* for defendants.

North, J. This is an appeal by plaintiffs from
an order of the circuit judge granting defendants'
motion to dismiss plaintiffs' bill of complaint. The
following facts appear from the face of the bill.

Levi Hillock filed a bill of complaint in the circuit
court of St. Clair county in chancery in April, 1932,
against Harvey L. Kimball. We are not concerned
with the details of that suit except to note that Mr.
Kimball filed an answer and also a cross-bill. By
this cross-bill, wherein both Mr. and Mrs. Hillock
were made defendants, Mr. Kimball sought foreclo-
sure of a real estate mortgage given to him by Mr.
and Mrs. Hillock and covering the north half of the
197-acre Hillock farm located in Burtchville town-
ship, St. Clair county, Michigan. The Hillocks an-
swered the cross-bill and denied that the cross-
plaintiff was entitled to relief sought, such denial
being on the ground that the mortgage was pro-
cured through fraud and without consideration.
After hearing in open court a decree of foreclosure
was granted. Commissioner's sale followed at
which the mortgaged premises were purchased by
the mortgagee, a commissioner's deed issued and
sale confirmed. After the period of redemption ex-
pired Mr. Kimball instituted proceedings by which
he sought to obtain possession. By their present
bill of complaint plaintiffs seek to restrain the
defendants from obtaining possession of the mort-
gaged premises; to have the foreclosure of the mort-
gage, the commissioner's sale, and the deficiency de-

cree held void; and further to have an alleged cloud upon the title removed from lands owned by plaintiffs but not included in the mortgage, which cloud is alleged to have resulted from the foreclosure proceedings.

On motion of defendants the bill of complaint was dismissed. Several reasons are alleged in support of defendants' motion, among them is that nothing appears on the face of the bill of complaint which gives the court jurisdiction to grant any of the relief sought, but instead that it is a collateral attack upon the decree entered in the foreclosure case and that the decree therein is *res judicata* of plaintiffs' present suit.

Both parties agree that the mortgage hereinbefore mentioned was intended to cover and did cover the north half of the Hillock farm. Plaintiffs claim in the instant suit that the foreclosure decree includes a portion of the Hillock farm not covered by the mortgage. On the other hand defendants assert that the description in the commissioner's deed was intended to and does cover the same premises described in the mortgage, and that it does not cover any other portion of the Hillock farm.

It would serve no purpose to include herein a detail of descriptions. It is sufficient to note that the Hillock farm includes the northeast quarter of section six of the township and also a strip of land 20 rods wide off from the northerly side of the southeast quarter of section six and extending somewhat easterly into section five. Plaintiffs claim that as drawn the decree of foreclosure and the commissioner's deed cover the north half of the northeast quarter and as a separate parcel the north half of the 20-rod strip. Notwithstanding defendants make no such contention and insist that the decree and commissioner's deed cover the same land that the

mortgage did, namely the north half of the Hillock farm; still it must be admitted that the description used in the decree and in the commissioner's deed is somewhat ambiguous, and we think it constitutes a cloud upon the northerly half of the 20-rod strip, this land not being included in the mortgage. The whole matter could have been easily cleared of record if the defendants at the time of making their motion to dismiss the bill of complaint had tendered to plaintiffs a quitclaim deed of the north half of the 20-rod strip. Unfortunately this was not done.

At the outset we are confronted with appellees' contention that the whole matter became *res judicata* in the foreclosure suit which preceded the instant case. It appears from the record before us that at the time the matter of confirmation of the mortgage sale was brought before the court in the foreclosure suit, these plaintiffs appeared and objected to confirmation on the ground that the decree entered in that case and the proceedings incident to the sale by the commissioner included the description of lands not covered by the mortgage. This was the same contention plaintiffs are making in the instant case. After withholding decision for some time the circuit judge confirmed the foreclosure sale. The only fair inference from the record is that the circuit judge confirmed the sale on the ground that the description in the foreclosure decree and in the commissioner's deed was that of the north half of the Hillock farm. Plaintiffs in the instant case quote in their bill of complaint from the finding of the circuit judge in the foreclosure proceedings wherein he refers to the real estate mortgage as one "covering the north half of the 193 (sometimes stated as 197) acres west of Gratiot Road (Huron Shore Pike)." In other words, upon hearing on the objections to confirmation of the

sale, while this record does not contain any finding which the circuit judge may have made, the only fair inference is that he held the foreclosed mortgage and the commissioner's deed cover the north half of the farm, and do not include the north half of the 20-rod strip at the extreme southerly side of the farm. The Hillocks did not appeal from such determination in the foreclosure suit. By reason of the issues adjudicated in the foreclosure suit this question which plaintiffs now seek to have passed upon became *res judicata.* It was squarely presented to the court which had jurisdiction both of the parties and of the subject matter of the suit and no appeal was taken from that court's determination that neither the foreclosed mortgage nor the commissioner's deed included any portion of the 20-rod strip.

Notwithstanding our holding just above indicated, we think it is a matter of public importance that the title to lands should be kept clear of cloud. This court hears chancery cases *de novo* and has power to enter such a decree as is equitable in view of the issues presented, thereby establishing of record the rights of the respective parties in a case of this character. In order that such a result may be accomplished a decree may be taken in this court confirming the foreclosure proceedings in the circuit court but containing such further recitals as will remove any cloud from the title of the north half of the 20-rod strip of which plaintiffs complain and which may have resulted from the somewhat ambiguous description contained in the foreclosure decree and the commissioner's deed. Because of the character of this appeal and the disposition made thereof, no costs will be awarded.

FEAD, C. J., and WIEST, BUTZEL, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.